UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOHN BRADLEY,

Supervisee.

No. 13-cr-295 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

As previously ordered by the Court, the parties are to appear for a violation of supervised release ("VOSR") hearing on March 4, 2024 at Courtroom 24B at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.  (Doc. No. 60.)  Now before the Court is the government's motion to admit certain documentary evidence without corresponding live witness testimony at that hearing.  (Doc. No. 59.)  Specifically, the government seeks to admit (1) drug test reports from Abbott Laboratories; (2) a CityMD "Summary Visit" report containing statements by a physician assistant ("PA") who diagnosed the victim in this case with mandible and head injuries; and (3) a summary of documents and text messages extracted from a phone belonging to the defendant.  The supervisee opposes only the admission of the CityMD report. For the reasons stated below, the Court GRANTS the government's motion as to the drug test reports and phone summary and DENIES the motion as to the CityMD report.

Under Federal Rule of Criminal Procedure 32.1, if a statement to be offered at a hearing revoking or modifying supervised release is hearsay and no exception applies, the court must "determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness."  *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006).  "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the

proffered hearsay." *Id.*

The CityMD report presents three potential levels of hearsay: (1) the report itself, (2) the PA's statements in the report, and (3) the patient's statements to the PA, as reported by the PA. The supervisee objects to the introduction of the report on the grounds that both the report and the PA's statements contained therein are hearsay. The government argues that good cause exists to admit the report as documentary evidence because "call[ing] live witnesses to testify would involve significant expense and inconvenience." (Doc. No. 59 at 7.) The government additionally contends that the supervisee could subpoena the PA to testify if the supervisee believes the testimony would be helpful. (*See id.* (citing *Richardson v. Perales*, 402 U.S. 389, 402 (1971)).)

But the government offers no justification for its assertion that arranging the testimony of the PA – who works at an office in nearby Queens – would involve "significant expense and inconvenience." (Doc. No. 59 at 7); *see, e.g.*, *United States v. Bernadel*, 228 F. App'x 95, 97 (2d Cir. 2007) (concluding that government failed to show good cause because its assertion that witness would be unavailable if asked was "not backed by anything but speculation"). Moreover, given that the victim's testimony is likely to be disputed, the supervisee has an especially strong interest in confronting the PA about his out-of-court statements, which are likely to corroborate the victim's testimony. As a result, the government has not established good cause for the Court to consider such hearsay testimony.

The Court therefore DENIES the government's motion to admit the CityMD report. Because the defendant does not object to the admission of the Abbott Laboratories drug test reports or the phone summary report, the court GRANTS the government's motion as to those reports.

SO ORDERED.

Dated:     February 29, 2024
           New York, New York

                                                        _____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation