UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOHN BRADLEY,

                Supervisee.

No. 13-cr-295 (RJS)
ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court are Supervisee John Bradley's motions regarding his violation of supervised release ("VOSR") hearing scheduled for March 4, 2024. (Doc. Nos. 43, 55.) Bradley argues that (1) his case should be assigned to another judge, (2) his violations must be proved to a jury beyond a reasonable doubt and only after his indictment by a grand jury, and (3) his marijuana use should not be considered a violation of the terms of his supervised release since he now has a medical marijuana certification from New York State. For the reasons stated below, Bradley's motions are DENIED.

    *First*, Bradley argues that his case should be assigned to another judge because my designation to the district court allegedly violates the Appointments Clause of the Constitution and the statute under which the designation was made, 28 U.S.C. § 291(b). Those arguments are unpersuasive. The Constitution leaves to Congress the authority to create courts besides the Supreme Court, *see* U.S. Const. art. III, § 1, and "[t]o Congress under its legislative power is given the establishment of offices, the determination of their functions and jurisdiction, the prescribing of reasonable and relevant qualifications and rules of eligibility of appointees, and the fixing of the term for which they are to be appointed and their compensation – all except as otherwise provided by the Constitution," *Myers v. United States*, 272 U.S. 52, 129 (1926). As part of its

authority to make lower courts and define the offices thereof, Congress enacted 28 U.S.C. § 291(b), which provides that "[t]he chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit."  By the plain terms of section 291(b), the congressionally created office of "circuit judge" includes the authority to serve as a district court judge when the particular requirements of that statute are met.  Bradley's argument that my designation usurps the Appointments Clause misapprehends the scope of the office to which I have been appointed.  *See Lamar v. United States*, 241 U.S. 103, 118 (1916) (dismissing because of its "absolute unsoundness" the contention that the designation of a federal judge pursuant to statute usurped the Appointments Clause); *see also Washington v. Jarvis*, 137 F. App'x 543, 547–48 (4th Cir. 2005) (upholding against Appointments Clause challenge the temporary designation of district court judge to circuit court pursuant to section 292); *United States v. Cavanagh*, 807 F.2d 787, 792 (9th Cir. 1987) (rejecting as foreclosed by *Lamar* the argument that FISA court "violates article II of the Constitution because judges are assigned to the court by the Chief Justice rather than by the President").

       Bradley's statutory argument is equally unsound.  The Second Circuit has a long history of circuit court judges being temporarily designated as district court judges under section 291(b) for the purpose of continuing to hear the matters that were assigned to them when they sat on the district court.  *See United States v. Feagins*, No. 17-cr-377 (RJS), 2023 WL 5274670, at *1 (Aug. 16, 2023) (listing cases).  Despite that long history, Bradley has not identified a single case in which such a designation was found to violate section 291(b)'s requirements.  The designation order Bradley identified in his motion is temporary, in effect from January 1, 2023 through December 31, 2023 "and for such additional time as may be required to complete unfinished business." (Doc. No. 43, Ex B.)  And my designation for 2024 is also temporary, to be served until December 31, 2024, with a similar provision for such additional time as may be required to

complete unfinished business.  Moreover, there can be no doubt that it is reasonable and efficient for me to hear this case, since, as the judge that imposed Bradley's sentence, I have familiarity with the facts and am best situated to determine the breaches of the Court's trust that resulted from the alleged violations.  While the designating order does not make a specific finding that the designation is in the public interest, Bradley cites no authority that the order must contain such a statement, nor does he make a coherent argument that my designation is somehow not in the public interest.  Bradley's statutory argument therefore fails.

*Second*, Bradley argues that his violations must be proved to a jury beyond a reasonable doubt, and only after his indictment by a grand jury.  But, as Bradley acknowledges, Circuit precedent has foreclosed those arguments.  *See United States v. Peguero*, 34 F.4th 143, 152 (2d Cir. 2022) ("A district court may revoke supervised release and impose a term of imprisonment if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release." (internal quotation marks omitted)); *id.* at 157 ("[W]e have repeatedly held that certain constitutional protections, such as the right to a grand jury indictment for a felony offense, the right to hold the government to a burden of proof beyond a reasonable doubt, the right to confront adverse witnesses, and the right to a jury trial, do not attach to supervised release hearings in the same way that they do to criminal prosecutions."); *United States v. Doka*, 955 F.3d 290, 294 (2d Cir. 2020) ("It is well settled . . . that, under the law of this Circuit, the Constitution permits judges to revoke a defendant's term of supervised release after finding, under a preponderance-of-the-evidence standard, that the defendant violated his or her conditions of supervised release.").  The Court will therefore apply the preponderance-of-the-evidence standard when assessing Bradley's specifications.

*Third*, Bradley argues that his marijuana use should not be considered a violation of his terms of supervised release since he now has a medical marijuana certification.  As part of that argument, he contends that the Department of Justice is prohibited by Congress from spending

funds to prosecute individuals who use marijuana pursuant to a state medical marijuana program. Whatever the merits of that argument, it is clearly inapplicable to Bradley's first marijuana specification, which predated the issuance of his medical marijuana certificate on November 29, 2023. (Doc. No. 43, Ex. A.) And while Bradley's second drug test occurred on the day that his medical marijuana certificate was issued, Bradley has not argued that the marijuana use reflected in his positive test occurred after his certificate was received. Indeed, several days later at Bradley's December 4 hearing before this Court, his attorney stated that she thought Bradley had been approved to use medical marijuana but also that "we don't have his certification yet." (Doc. No. 44 at 10.) Because marijuana is a controlled substance under federal law and the terms of Bradley's supervision prohibit him from "us[ing] . . . any controlled substance," (Doc. No. 37 at 4), the Court declines to set aside Bradley's marijuana specifications.

For the foregoing reasons, The Court DENIES the motions. The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 43 and 55.

SO ORDERED.

Dated:   March 4, 2024
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation